IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| PATRICIA SEABRON, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| AMTRAK, | : | |
| Defendant. | : | NO. 13-2033 |

# MEMORANDUM

PRATTER, J.                                                                                                       July 15th, 2013

Patricia Seabron sued the National Railroad Passenger Corporation ("Amtrak") in state court for injuries she sustained after tripping over a broken metal pole on property that Amtrak allegedly controlled. Amtrak timely removed the case to this Court. Ms. Seabron then moved to remand to state court, arguing that Amtrak has no basis for federal jurisdiction. For the reasons discussed below, the Court will deny Ms. Seabron's motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On December 22, 2010, Ms. Seabron allegedly suffered injuries as a result of tripping over a broken metal pole that was protruding from a sidewalk. On July 24, 2012, she brought a claim in the Court of Common Pleas of Philadelphia County against numerous defendants who were believed to be owners, possessors and/or controllers of the premises where she was injured ("*Seabron I*"). In the course of discovery in *Seabron I*, Ms. Seabron claims she found that Amtrak also could be a defendant in the matter. On December 18, 2012, Ms. Seabron filed a writ of summons against Amtrak, followed by a complaint on April 11, 2013, also in the Court of Common Pleas of Philadelphia County ("*Seabron II*"). In her submission here, Ms. Seabron

states that she anticipated that the two separate state court actions would be consolidated; however, she never attempted to join Amtrak as a defendant in *Seabron I*. On April 16, 2013, Amtrak removed *Seabron II* to this Court pursuant to 28 U.S.C. §§ 1331, 1349, and 49 U.S.C. § 24101. Subsequently, on May 16, 2013, Ms. Seabron filed a motion to remand.

## II. LEGAL STANDARD

Under the removal statute,

> Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Defendants, as the removing parties, bear the burden of proving that removal is proper. *See Dukes v. U.S. Healthcare, Inc.,* 57 F.3d 350, 359 (3d Cir. 1995). All doubts concerning the propriety of removal are to be resolved in favor of remand. *See Boyer v. Snap-On Tools Corp.,* 913 F.2d 108, 111 (3d Cir. 1990).

A notice of removal must be filed within 30 days after the initial pleading. *See* 28 U.S.C. § 1446(b)(1). A writ of summons alone is not considered an "initial pleading" and does not trigger the 30-day period for removal. *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 223 (3d Cir. 2005). However, a complaint is considered an initial pleading and triggers the 30-day period. *See id.*

## III. DISCUSSION

Even being mindful that all doubts concerning the propriety of removal are to be resolved in favor of remand, the Court concludes that it must deny Ms. Seabron's motion for remand because federal question jurisdiction is present. Amtrak removed this case based on both federal

2

question and diversity jurisdiction.[1] In her motion, Ms. Seabron argues that Amtrak failed to establish a proper basis for federal subject matter jurisdiction. In response, Amtrak argues that there is federal question jurisdiction pursuant to 28 U.S.C. § 1349 because Amtrak was established by an Act of Congress and the United States owns over one-half of its stock, thus making it a litigant appropriate for federal court.

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). A federal court may exercise subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case "aris[es] under" federal law within the meaning of § 1331 if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance, Inc. v. McVeigh,* 547 U.S. 677, 689-90 (2006) (alteration in original) (quoting *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.,* 463 U.S. 1, 27-28 (1983)).

In *McManus v. Glassman's Wynnefield, Inc.*, 710 F. Supp. 1043 (E.D. Pa. 1989) (Pollak, J.), the court addressed whether federal district courts have original jurisdiction over suits against Amtrak. The plaintiff in *McManus* filed an action in state court alleging that Amtrak and other defendants were jointly and severally liable for his son's death. *See* 710 F. Supp. at 1044. Amtrak timely filed a notice of removal, asserting that it was a corporation created by an Act of

---

[1] The case may or may not meet the requirements for diversity jurisdiction. Ms. Seabron and Amtrak are citizens of different states; however, the complaint only demands damages "in excess of fifty thousand dollars ($50,000.00)," *see* Docket No. 1 at ¶12, thus potentially not meeting the jurisdictional amount-in-controversy requirement. Neither party has addressed this issue, but the Court is obligated to raise subject matter jurisdiction issues *sua sponte*. *See Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 593 (2004); *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76-77 (3d Cir. 2003). However, a deeper analysis of diversity jurisdiction is unnecessary because Amtrak can remove the case for other reasons.

3

Congress and the United States owned more than one-half of its stock. *Id; see also* 28 U.S.C. § 1349 ("The district courts shall not have jurisdiction of any civil action by or against any corporation upon the ground that it was incorporated by or under an Act of Congress, unless the United States is the owner of more than one-half of its capital stock."). The plaintiff then moved to remand the case. Although *McManus* was remanded because not all co-defendants joined the removal petition within the 30-day removal period, *see* 710 F. Supp. at 1045, the court held that such suits do arise under federal law even if Amtrak is joined with defendants in an "action that is otherwise non-federal in character." *Id.* at 1044.

Here, Ms. Seabron does not dispute that Amtrak is a federally-chartered corporation, as it was at the time *McManus* was decided. Furthermore, no party disputes that the United States owns more than one-half of Amtrak's stock. Therefore, federal question jurisdiction would exist even if Ms. Seabron had joined Amtrak as a defendant in *Seabron I*, and it certainly exists given that Amtrak is the sole defendant in *Seabron II*. *See Hollus v. Amtrak Ne. Corridor*, 937 F. Supp. 1110, 1113 (D.N.J. 1996), *aff'd*, 118 F.3d 1575 (3d Cir. 1997) ("Because a majority of the capital stock of Amtrak is owned by the United States, the federal courts have subject matter jurisdiction over *any* action involving Amtrak.") (emphasis added); *see also McManus* 710 F. Supp. at 1044 ("Since Amtrak is federally-chartered and federally-owned, this suit arises under federal law[.]"). The Court has original jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1349, and Amtrak is permitted to remove the case to this court.

## IV. CONCLUSION

For the foregoing reasons, the Court will deny Plaintiff's motion to remand. An appropriate Order follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge